UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ARTHUR F. BLANCO,

                      Petitioner,

        -against -

JOHN NASH, Superintendent, etc.,

                      Respondents.
---------------------------------------------------------x

*Memorandum and Order*

05 Civ. 7742 (CLB)
Non ECF

Brieant, J.

    By his Petition filed September 2, 2005, Mr. Arthur F. Blanco, then a federal prisoner subject to a detainer to serve a subsequent New York state sentence, sought a writ of *habeas corpus* with respect to his state judgment of conviction, pursuant to 28 U.S.C. § 2254.

    On October 20, 2002, Petitioner entered a negotiated plea of guilty to Grand Larceny in the Second Degree before the Westchester County Supreme Court (Rosato, J.) in satisfaction of a then pending Indictment. The plea was based upon a sentence promise of one to three years incarceration to run consecutively to his federal sentence he was then serving.

    The plea allocution was adequate and in connection with his plea, Petitioner withdrew all motions previously made in his case. The Court found that the Petitioner freely and voluntarily entered a plea a guilty with full knowledge of his rights and the possible consequences of his plea. Petitioner was 51 years old at the time of his plea and had a Bachelor's Degree in Accounting and had been self-employed as an Estate Planner from 1990 until his incarceration on federal charges.

1

On November 21, 2002, a judgment of conviction consistent with his plea agreement was imposed by the Supreme Court. The judgment included restitution in the amount of $91,045.20. Petitioner filed a timely notice of appeal from his judgment of conviction and on November 14, 2003 filed a motion to vacate pursuant to New York Criminal Procedure Law § 440.10. He argued that the unanticipated impact on his federal sentence was that a detainer had been lodged with federal authorities to assure his release to New York State to serve as consecutive his Westchester County sentence, and this had the collateral consequence of preventing his eligibility for certain beneficial federal penal programs including assignment to a federal prison camp, and placement in a community halfway house for the last six months of his sentence. He contended that he was not advised of his rights in connection therewith when he offered his plea. This motion was denied and leave to appeal was denied by the Appellate Division on April 20, 2005.

Petitioner then claimed in connection with his direct appeal that his plea was not voluntary or knowing, and that the Indictment should have been dismissed because, for purposes of arraignment, the state had improperly obtained his custody from the federal authorities with a New York State writ *ad prosequendam,* rather than by process pursuant to the Interstate Agreement on Detainers Act (IADA). The conviction was unanimously affirmed by the Appellate Division (18 A.D. 3d 475 (2d Dept. 2005)) and leave to appeal was denied (5 N.Y. 3d 785 (2005)).

Plaintiff now contends that his due process rights were violated under the Fifth, Sixth and

Fourteenth Amendments because his presence to answer to the New York State Indictment was procured by unauthorized and improper paperwork.

To the extent Mr. Blanco claims that he entered his plea fourteen days beyond the statutory period of 120 days, within which time he should have been tried under the IADA, this claim does arise to the level of a Constitutional violation. *See Edwards v. United States*, 564 F.2d 652, 654 (2d Cir. 1977); *Reilly v. Warden*, 947 F.2d 43, 44 (2d Cir. 1991). Respondent claims that the running of time was tolled by the pendency of Petitioner's *omnibus* motion, which must be regarded as a period of delay occasioned by the Defendant. *United States v. Roy,* 771 F.2d 54, 60 (2d Cir. 1985). In any event, the plea and sentence bargain included a provision by which he waived all motions, so that the violation, if any, would be deemed to be merged in the plea agreement.

Wholly apart from the problem created for Petitioner in that violations of IADA, except in the most unusual circumstances, do not arise to the level of a Constitutional violation, the Appellate Division considered and rejected the claim as being without merit. This decision was not contrary to nor did it involve the unreasonable application of, clearly established Federal Law
as determined by the Supreme Court of the United States; nor did it result in a decision that was based upon an unreasonable of the determination of the facts in light of the evidence presented in the state court proceeding.

For want of merit, the Petition is denied. The Clerk shall file a final judgment. The Court declines to issue a Certificate of Appealability because the case does not present any Constitutional issue deserving of review. Petitioner may continue to proceed *in forma pauperis*.

X

       X

            X

               X

                 X

SO ORDERED.

Dated: White Plains, New York
      May 3, 2006

                                                                                   _/s/ Charles Brieant_____
                                                                                     Charles L. Brieant, U.S.D.J.